GREATHOUSE v RHODES (ON REMAND)

Docket No. 214434. Submitted October 31, 2001, at Grand Rapids. Decided
     December 14, 2001, at 9:10 A.M.

     Sally Greathouse, as personal representative of the estate of Robert
     Greathouse, deceased, brought an action in the Berrien Circuit
     Court against Charles Rhodes, M.D., and others, alleging malprac-
     tice in the medical care of the decedent. Before trial, the plaintiff
     moved to strike two board-certified family practitioners and an
     internist named on Rhodes' witness list as experts. The plaintiff
     contended that those witnesses were not qualified under MCL
     600.2169(1)(a), which requires expert witnesses testifying for or
     against a board-certified specialist on the issue of standard of care
     to be board certified in the same specialty as the person for or
     against whom the testimony is offered, because Rhodes was a
     board-certified general surgeon but his expert witnesses were not.
     The court, Lynda A. Tolen, J., denied the motion. Following a jury
     trial at which the court refused to allow the plaintiff to use trea-
     tises during direct examination of her expert witnesses on standard
     of care for the purpose of establishing that their opinions met the
     requirements of MCL 600.2955(1), judgment was entered on a jury
     verdict for the defendants. The plaintiff appealed. The Court of
     Appeals affirmed, holding, in part, that the plaintiff forfeited the
     issue of the experts' qualifications under subsection 2169(1)(a) by
     failing to raise her challenge within a reasonable time. 242 Mich
     App 221 (2000). The plaintiff sought leave to appeal to the Supreme
     Court, which, in lieu of granting leave to appeal, reversed the judg-
     ment of the Court of Appeals insofar as it held that the plaintiff for-
     feited her challenge to the expert witnesses. The Court remanded
     the matter to the Court of Appeals to consider whether subsection
     2169(1) applies to the matter and, if so, the effect of the opinion in
     *McDougall v Schanz*, 461 Mich 15 (1999), on the matter. 465 Mich
     885 (2001).

     On remand, the Court of Appeals *held*:

     This matter implicates § 2169 because the plaintiff challenged the
     qualifications of Dr. Rhodes' "standard of care" witnesses on the
     basis that they are not board certified in the same specialty. The
     Supreme Court's holding in *McDougall*, that § 2169 is constitu-

tional, reversed the holding in *McDougall v Eliuk*, 218 Mich App 501 (1996), that § 2169 was unconstitutional, which the trial court had relied on in denying the plaintiff's motion to strike Dr. Rhodes' expert witnesses. The order denying the motion to strike must be reversed and the matter must be remanded for consideration of the motion under § 2169.

Reversed and remanded.

*Ferris & Salter, P.C.* (by *Heidi Salter-Ferris*), for Sally Greathouse.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for Charles Rhodes, M.D., and Southwestern Medical Clinic.

ON REMAND

Before: SAAD, P.J., and JANSEN and TALBOT, JJ.

PER CURIAM. Our Supreme Court has reversed in part our prior judgment in this matter and remanded this case to our Court with instructions to determine whether MCL 600.2169(1) applies under the facts and, if so, to consider the effect of our Supreme Court's decision in *McDougall v Schanz*, 461 Mich 15; 597 NW2d 148 (1999). 465 Mich 885 (2001). The facts and issues are set out in our previous decision, *Greathouse v Rhodes*, 242 Mich App 221; 618 NW2d 106 (2000).

In its order remanding this case, our Supreme Court reversed our holding that the trial court properly denied plaintiff's motion to strike Dr. Charles Rhodes' standard of care witnesses under MCL 600.2169(1)(a) because plaintiff failed to file her motion within a reasonable time after learning the identities of the experts. *Greathouse, supra* at 231. Because plaintiff did not forfeit her right to challenge

Dr. Rhodes' witnesses on the basis of the time of her challenge, we now consider the trial court's ruling regarding the application of MCL 600.2169(1)(a).

We hold that this case implicates § 2169 because plaintiff challenges the qualifications of Dr. Rhodes' "*standard of care*" witnesses because they are not board certified in the same specialty. Though the trial court initially granted plaintiff's motion on the basis of § 2169, it ultimately denied plaintiff's motion to strike because "it was compelled to adhere to the *McDougall* [*v Eliuk*, 218 Mich App 501; 554 NW2d 56 (1996)] holding that § 2169 was unconstitutional . . . ." *Greathouse, supra* at 226. As we observed in our prior opinion, "our Supreme Court reversed *McDougall* and concluded that § 2169 is 'an enactment of substantive law' and '[a]s such does not impermissibly infringe this Court's constitutional rule-making authority.' " *Greathouse, supra* at 228, quoting *McDougall v Schanz, supra,* at 37. Therefore, we ruled that the basis for the trial court's decision was erroneous. *Greathouse, supra* at 228.

Accordingly, we reverse the trial court's order denying on the basis of the alleged unconstitutionality of § 2169 plaintiff's motion to strike, and we remand for consideration of plaintiff's motion under the statute. Specifically, the trial court should determine the merits of plaintiff's motion in which she argued that Dr. Rhodes' "standard of care" witnesses do not comply with § 2169 because Dr. Rhodes is a board-certified general surgeon and the proposed witnesses are not; one witness is an internal medicine specialist, and the other two are board-certified family practitioners. Further, the trial court should consider Dr. Rhodes' argument that § 2169 does not preclude his

witnesses because he does not practice general surgery regularly and did not practice general surgery on the decedent, Robert Greathouse.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.